IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Eric Arthur FORSTROM, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Eric Arthur FORSTROM, Respondent.

Supreme Court

*No. 2011AP1509–D.—Decided September 20, 2011.*

2011 WI 88

(Also reported in 803 N.W.2d 80.)

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶ 1. PER CURIAM. This is a reciprocal discipline matter. We review the stipulation entered by Attorney

Eric Arthur Forstrom and the Office of Lawyer Regulation (OLR) for the imposition of discipline reciprocal to that imposed by the Supreme Court of California. After reviewing the matter, we accept the stipulation. By virtue of having been sanctioned by the California Supreme Court for violating California's Business and Professions Code, Attorney Forstrom is subject to reciprocal discipline in Wisconsin. Accordingly, we suspend Attorney Forstrom's license to practice law in Wisconsin for one year.

¶ 2. Attorney Forstrom was admitted to practice law in Wisconsin in 2001. He was admitted to the State Bar of California in 2005.

¶ 3. On March 23, 2008, Attorney Forstrom was driving his car when he collided with another car. Both vehicles were damaged. Attorney Forstrom remained at the accident scene for a few minutes, and then walked away leaving the scene and abandoning his car. On March 24, 2008, Attorney Forstrom went to a police station and reported that his car had been stolen. That same day he reported to his insurance company that his car had been stolen and a claim was initiated.

¶ 4. The police department investigated the accident and identified Attorney Forstrom as the owner of the car involved in the hit-and-run accident. On May 30, 2008, Attorney Forstrom's counsel wrote to the insurance company saying Attorney Forstrom was withdrawing his theft claim and would hold the insurance company harmless.

¶ 5. On April 28, 2009, Attorney Forstrom entered an initial guilty plea to insurance fraud, a felony involving moral turpitude. On December 8, 2009, the charge was reduced to a misdemeanor and Attorney Forstrom entered a final plea.

¶ 6. On February 18, 2011, the Supreme Court of California suspended Attorney Forstrom's license to practice law for two years, staying the execution of the suspension, placing him on probation for two years, and suspending his law license for the first year of the probation, retroactive to September 29, 2009, the date Attorney Forstrom was placed on interim suspension following his conviction.

¶ 7. On June 30, 2011, the OLR filed a complaint and motion for an order to show cause under SCR 22.22(2)(b) directing Attorney Forstrom to inform the court in writing of any claim, predicated upon the grounds set forth in SCR 22.22(3), that the imposition of discipline commensurate to that imposed in California would be unwarranted, and the factual basis for any such claim.

¶ 8. On July 26, 2011, the parties filed a stipulation stating that Attorney Forstrom does not claim any of the potential defenses articulated in SCR 22.22(3)(a)-(c) but asks that this court consider supplemental information including the fact that on July 14, 2011, the Superior Court of California dismissed/expunged Attorney Forstrom's misdemeanor conviction. In addition, Attorney Forstrom maintains that he did not recall being involved in an auto accident at the time he initiated the insurance claim that led to his conviction. He asserts he suffered a concussion/brain trauma caused by airbag deployment during the automobile collision which gave rise to the subsequent charge of knowingly providing false information in support of an insurance claim. Attorney Forstrom says after his memory resurfaced in the weeks following the accident, he formally withdrew his insurance claim, and he expresses deep remorse for the entire incident.

¶ 9. The stipulation states its terms were not bargained for or negotiated between the parties, and that Attorney Forstrom admits the facts and misconduct alleged by the OLR and agrees to the level of discipline sought by the OLR director. Attorney Forstrom verifies that he fully understands the misconduct allegations, the ramifications should this court impose the stipulated level of discipline, his right to contest the matter, his right to consult with and retain counsel, and that his entry into the stipulation is made knowingly and voluntarily.

¶ 10. The OLR filed a memorandum in support of the stipulation. It also filed a statement of costs showing costs in the amount of $231 as of July 26, 2011. The OLR director recommends that no costs be assessed against Attorney Forstrom since the parties' entry into a comprehensive stipulation, which was achieved without the need for the appointment of a referee and without the attendant expenditure of significant lawyer regulation system resources, is a circumstance justifying this court's deviation from its general policy of imposing full costs.

¶ 11. Upon our review of the matter, we accept the stipulation.

¶ 12. IT IS ORDERED that the license of Eric Arthur Forstrom to practice law in Wisconsin is suspended for a period of one year, effective the date of this order.

¶ 13. IT IS FURTHER ORDERED that Eric Arthur Forstrom shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

37

¶ 14.   IT IS FURTHER ORDERED that no costs shall be assessed against Eric Arthur Forstrom.